# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN BROCKWAY, Individually, and BRIAN BROCKWAY, Derivatively, on Behalf of ADVANCED MODULAR CONCEPTS, LLC and MAXIMUM ADVANTAGE BUILDING SOLUTIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY MCCREARY, AMC BUILDERS, LLC, AMC ROOFING LLC, ADVANCED MODULAR CONCEPTS, LLC d/b/a AMC CONSTRUCTION SERVICES and SHAWN MCCREARY, <br><br> Defendants. | No. 4:18-CV-01258 <br><br> (Judge Brann) |

## MEMORANDUM OPINION

### NOVEMBER 6, 2018

Defendants Jeffrey McCreary, AMC Builders LLC, AMC Roofing LLC, Advanced Modular Concepts LLC d/b/a AMC Construction Services and Shawn McCreary (collectively, "Defendants") moved to dismiss the Complaint filed by Plaintiff[1] Brian Brockway. For the reasons that follow, that motion will be denied.

---

[1] The Complaint was filed by "Brian Brockway, Individually, and Brian Brockway, Derivatively on behalf of Advanced Modular Concepts and Maximum Advantage Building

## I. BACKGROUND

Brian Brockway and Jeffrey McCreary entered into a modular homes business and formed Advanced Modular Concepts, LLC.[2] Their relationship soured after Mr. McCreary allegedly took steps to undermine both Mr. Brockway and Advanced Modular Concepts.[3] Mr. McCreary formed two new companies, "AMC Builders" and "AMC Roofing," and according to the Complaint, he began to compete with Advanced Modular Concepts—the company Mr. McCreary originally formed with Mr. Brockway.[4] Mr. Brockway alleges Mr. McCreary siphoned business away from Advanced Modular Concepts and purposefully used a similar name and similar logo in his new ventures to confuse potential customers.[5]

Mr. Brockway filed an eight-count complaint alleging violations of the Lanham Act, 15 U.S.C. § 1051 *et seq*, and raising seven state law claims: breach of fiduciary duties, tortious interference, conspiracy, freeze-out, conversion,

---

Solutions LLC." For the sake of brevity and by neither substantively altering the caption nor the parties in this case, the Court refers to plaintiffs collectively herein as Mr. Brockway.

[2] *See* Complaint (ECF No. 1) at ¶ 12-13. The Complaint appears to contain a typographical error as two paragraphs are numbered 12. This citation refers to both paragraphs.

[3] *Id.* at ¶ 14.

[4] *Id.* at ¶¶ 16-17.

[5] *Id.* at ¶¶ 17, 21-22.

defamation, and commercial disparagement.⁶ Defendants have moved to dismiss Mr. Brockway's Lanham Act claim under Federal Rule of Civil Procedure 12(b)(6), arguing that he has failed to state a claim upon which relief can be granted.⁷ Defendants also argue that Mr. Brockway's claims should be dismissed under the *Colorado River* abstention doctrine because parallel litigation is already underway the Columbia County Court of Common Pleas.⁸

## II. DISCUSSION

### A. Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,⁹ a court assumes the truth of all factual allegations in the plaintiff's complaint and draws all inferences in favor of that party;¹⁰ the court does not, however, assume the truth of any of the complaint's legal conclusions.¹¹ If a complaint's factual allegations, so treated, state a claim that is plausible—*i.e.*,

---

⁶ *Id.* at 3-13.

⁷ *See* Defendants' Motion to Dismiss (ECF No. 6); Brief in Support (ECF No. 7) at 4-6. Defendants' papers focus on the pleading sufficiency of the Lanham Act claim and do not raise any arguments that Mr. Brockway's state law claims fail to satisfy Rule 12(b)(6). Consequently, I will decline to evaluate those state law claims here.

⁸ *See* Defendants' Motion to Dismiss (ECF No. 6); Brief in Support (ECF No. 7) at 6-9.

⁹ F. R. Civ. P. 12(b)(6).

¹⁰ *Phillips v. County Of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

¹¹ *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

if they allow the court to infer the defendant's liability—the motion is denied; if they fail to do so, the motion is granted.[12]

### B. Whether Mr. Brockway's Lanham Act Claim Should Be Dismissed

Defendants argue that Mr. Brockway failed to cite to Lanham Act subsections giving rise to Mr. Brockway's claim.[13] They also argue that Mr. Brockway failed to plead facts establishing any Lanham Act claim.[14]

Both of Defendants' arguments fail. First, courts do not dismiss complaints under Rule 12(b)(6) for failure to cite to a statute's specific subsection.[15] Defendants cite to no authority holding otherwise.[16]

Second, Mr. Brockway has satisfactorily pleaded his Lanham Act claim. To state a trademark infringement or unfair competition claim under the Lanham Act, a plaintiff must allege facts that "(1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion."[17] The name "Advanced Modular

---

[12] *Id. See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016).

[13] *See* Brief in Support (ECF No. 7) at 5-6.

[14] *Id.*

[15] *See, e.g., Boone v. T–Mobile USA Inc.*, No. 17–378–KM–MAH, 2018 WL 588927, at *13 (D.N.J. Jan. 29, 2018) (collecting cases).

[16] Defendants did not file a reply brief, and thus declined to respond to the Lanham Act subsections identified in Mr. Brockway's Brief in Opposition.

[17] *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000); *see also* 15 U.S.C. § 1114; 15 U.S.C. § 1125(a)(1)(A).

Concepts" could be a legally protectable mark as an inherently distinctive name.[18]
Additionally, Mr. Brockway states he created the mark, allowing this Court to infer in his favor that he owns the mark.[19] Finally, Mr. Brockway alleges Defendants have used a logo strikingly similar to that used by Mr. Brockway and Advanced Modular Concepts.[20] Accepting as true the Complaint's factual allegations and drawing factual inferences in Mr. Brockway's favor,[21] it is plausible that Defendants' logo could create confusion actionable under the Lanham Act.[22]

While Defendants contend that Mr. Brockway has failed to plead a prima facie Lanham Act claim, he need not meet that higher evidentiary standard at this early stage of the proceedings.[23] Mr. Brockway must simply plead facial

---

[18] *See International Data Group, Inc. v. Ziff Davis Media, Inc.*, 145 F.Supp.2d 422, 432 (D.Del. 2001) (explaining circumstances under which marks "receive protection from a poaching competitor); *see also Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 767–68 (1992).

[19] *See* Complaint at ¶ 21.

[20] *See* Exhibit A (ECF No. 7-1) at 30-31.

[21] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[22] *Dranoff–Perlstein Assocs. v. Sklar,* 967 F.2d 852, 862 (3d Cir. 1992) (explaining a likelihood of confusion exists when "consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark); *see also A & H Sportswear, Inc*, 237 F.3d at 210; *Interpace Corp. v. Lapp, Inc.,* 721 F.2d 460, 462 (3d Cir. 1983).

[23] *Connelly v. Lane Construction Corp,* 809 F.3d 780 (3d Cir. 2016) ("A prima facie case is an evidentiary standard, not a pleading requirement and hence is "not a proper measure of whether a complaint fails to state a claim.") (internal quotation marks and citations omitted).

plausibility.[24] Because he pleaded facts giving rise to a plausible claim, Defendants' motion to dismiss Mr. Brockway's Lanham Act claim is denied.

    **C.    Whether Mr. Brockway's Claims Should Be Dismissed Under the *Colorado River* Abstention Doctrine**

Federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them."[25] But under *Colorado River* and its progeny, a district court may, in extremely narrow and extraordinary circumstances, dismiss a federal action when there is a parallel proceeding underway in state court.[26] The interest in avoiding duplicative litigation is alone insufficient to invoke abstention.[27]

Determining whether abstention is appropriate is a two-step process.[28] The threshold question is whether the proceedings are parallel.[29] If the proceedings are

---

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (citation omitted).

[25] *Baykeeper v. NL Industries, Inc.*, 660 F.3d 686 (3d Cir. 2011)(citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

[26] *Colorado River,* 424 U.S. at 813 (1976) ("The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it."); *Ryan v. Johnson*, 115 F.3d 193, 195 (3d Cir. 1997) ("In *Colorado River,* the Supreme Court recognized that there are certain extremely limited circumstances in which a federal court may defer to pending state court proceedings based on considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.")(citation omitted).

[27] *See Spring City Corp. v. Am. Bldgs. Co.,* 193 F.3d 165, 171–72 (3d Cir. 1999) ("*Colorado River* abstention must be grounded on more than just the interest in avoiding duplicative litigation.").

[28] *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307-08 (3d Cir. 2009).

[29] *Id.*

parallel, the Court must then weigh six factors to determine whether the action presents "extraordinary circumstances" necessitating abstention.[30]

I turn now to the threshold question. Proceedings are parallel if the state and federal actions "involve the same parties and substantially identical claims, raising nearly identical allegations and issues."[31] If the proceedings are not parallel, the district court must exercise jurisdiction and may not abstain from the federal action.[32]

Here, this federal action and the state action proceeding in the Columbia County Court of Common Pleas are not parallel for two reasons.[33] First, the cases do not raise "substantially identical claims [and] nearly identical allegations and

---

[30] *Nationwide Mut. Fire Ins. Co.,* 571 F.3d at 307; *see Spring City Corp.*, 193 F.3d at 171 ("(1) [in an *in rem* case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties."); *University of Maryland v. Peat Marwick Main & Co.,* 923 F.2d 265, 275–76 (3d Cir. 1991) ("The general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action.") (citing *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).

[31] *Yang v. Tsui,* 416 F.3d 199, 204 n. 5 (3d Cir. 2005); *see Golden Gate Nat. Sr. Care, LLC v. Minich ex rel. Estate of Shaffer,* 629 Fed.Appx. 348, 350 (3d Cir. 2015) ("At the outset, we observe that two proceedings typically are not considered parallel under our jurisprudence when they involve different parties, raise different issues, and contemplate different remedies. ").

[32] *See Ryan v. Johnson,* 115 F.3d 193, 196 (3d Cir. 1997) (noting that if the state and federal cases are not parallel, "the district court lacks the power to abstain.").

[33] Defendants have not cited to any authority to support their position that the two cases are parallel.

issues."[34] Certain claims raised in the federal action and the issues underpinning those claims—specifically, Mr. Brockway's Lanham Act claim, defamation claim, and his commercial disparagement claim—have not been raised in the state action.[35] This "lack of identity of all issues necessarily precludes *Colorado River* abstention."[36] Put differently, for cases to be parallel, "there must be a likelihood that the state litigation will dispose of all the claims presented in the federal case."[37] Here, the state action will not dispose of Mr. Brockway's Lanham Act claim, defamation claim, nor his commercial disparagement claim.

Second, when "the federal lawsuit plaintiff is a defendant in the state court proceeding, and the federal proceeding includes several defendants who are not parties to the state court proceeding, the lawsuits are not parallel."[38] Here, Mr.

---

[34] *Yang,* 416 F.3d at 204 n. 5.

[35] *Compare* Complaint (ECF No. 1) (alleging the following claims in federal court: Violations of 15 U.S.C. § 1051 *et seq.* (Count I), Breach of Fiduciary Duties (Count II), Tortious Interference (Count III), Conspiracy (Count IV), Freeze-Out (Count V), Conversion (Count VI), Defamation (Count VII), and Commercial Disparagement (Count VIII), *with* Exhibit B (ECF No. 7-1) (alleging the following claims in state court: Request for Injunctive Relief (Count I), Breach of Contract (Count II), Unjust Enrichment (In the Alternative) (Count III), Conversion (Count IV), Breach of Fiduciary Duties (Count V), Tortious Interference (Count VI), and Conspiracy (Count VII)). *See also Spellman v. Express Dynamics, LLC*, 150 F.Supp.3d 378, 385 (D.N.J. 2015) (concluding actions were not parallel when "differences between these two actions are too significant to consider them parallel").

[36] *University of Maryland v. Peat Marwick Main & Co.,* 923 F.2d 265, 276 (3d Cir. 1991).

[37] *Nat. Collegiate Athletic Ass'n*, 25 F.Supp.3d at 571 (citing *Flint v. A.P. Desanno & Sons*, 234 F. Supp. 2d 506, 510-11 (E.D.Pa. 2002)).

[38] *Nat. Collegiate Athletic Ass'n v. Corbett*, 25 F.Supp.3d 557, 571-72 (M.D.Pa. 2014) (quoting *Bill Goodwin Const., LLC v. Wondra Const., Inc.*, No. 3:13-cv-157, 2013 WL 4005307, at *8 (M.D.Pa. Aug. 5, 2013)); *accord Carsten v. Boylan*, No. 3:17-cv-00733, 2018 WL 1696649, at *3-4 (M.D.Pa. Apr. 6, 2018); *cf. Flint*, 234 F. Supp. 2d at 510-11 (finding state and federal

Brockway is a plaintiff in the federal action but a defendant in the state court action, and the federal proceeding includes two defendants—AMC Builders, LLC, and AMC Roofing, LLC—who are not parties to the state court proceeding.[39]

Therefore, because the lawsuits are not parallel, this Court "lacks power to abstain."[40] Consequently, I need not decide whether extraordinary circumstances are present via the six-factor test.[41] Notably, Defendants do not cite to any

---

actions parallel when same individuals were plaintiffs in both federal and state actions, and same company was a defendant in both actions).

[39] *See* Complaint (ECF No. 1) at 1; Exhibit B (ECF No. 7-1) at 36.

[40] *See Ryan v. Johnson,* 115 F.3d 193, 196 (3d Cir. 1997) (noting that if the state and federal cases are not parallel, "the district court lacks the power to abstain").

[41] *R & R Capital LLC v. Merritt*, 426 Fed.Appx. 85, 89 (3d Cir. 2011) ("We need not delve into the multi-factor test because we conclude that the state and federal proceedings at issue here are not parallel.").

For the parties' benefit, the Court will briefly address Defendants' arguments under the six-factor test to illustrate why Defendants have not met their burden to demonstrate that extraordinary circumstances exist. *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009). ("(1) [in an *in rem* case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties.") (quoting *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir. 1999)).

Defendants' argue that the state court has assumed jurisdiction over certain property in the state action, but neither case is an *in rem* proceeding. Defendants argue the federal forum is inconvenient, but do not explain why the federal forum's geographic location in relation to the state court location creates any inconvenience. *Kendall v. Lancaster Exploration & Development Company, LLC*, 323 F. Supp. 3d 664, 680 (M.D.Pa. 2018). Defendants argue the cases will create piecemeal litigation, but do not point to any statute, regulation, or other authority at issue "evincing a federal policy against such litigation." *Spring,* 193 F.3d at 172. Defendants assert that state law controls, but ignore the fact that federal law controls Mr. Brockway's Lanham Act claim. Similarly, to the extent Defendants argue that the state court action will adequately protect the interests of the parties, they neglect to account for the

authority that lends support to their contention that abstention is necessary in this case.[42]  Accordingly, because the *Colorado River* abstention doctrine does not apply, Defendants' motion to dismiss is denied.

## III.  CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss will be denied.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

additional claims raised by Mr. Brockway in the federal action. While Defendants claim that discovery has already commenced in the state action, which militates in favor of abstention, this factor alone does not create extraordinary circumstances rendering abstention necessary. *Kendall*, 323 F. Supp. 3d at 680.  Moreover, Defendants' arguments in their totality do not overcome presumption favoring jurisdiction.  *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16 (1983) (explaining that factors are "heavily weighted" in favor of exercising jurisdiction).

[42]  Defendants cite to no authority showing that under these circumstances, both cases are parallel, nor that this action presents extraordinary circumstances necessitating abstention.