# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN BROCKWAY, Individually, and BRIAN BROCKWAY, Derivatively, on Behalf of ADVANCED MODULAR CONCEPTS, LLC and MAXIMUM ADVANTAGE BUILDING SOLUTIONS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFREY MCCREARY, AMC BUILDERS, LLC, AMC ROOFING LLC, ADVANCED MODULAR CONCEPTS, LLC d/b/a AMC CONSTRUCTION SERVICES and SHAWN MCCREARY,<br><br>Defendants. | No. 4:18-CV-01258<br><br>(Judge Brann) |

## **ORDER**

### **FEBRUARY 21, 2019**

Defendants Jeffrey McCreary, AMC Builders LLC, AMC Roofing LLC, Advanced Modular Concepts LLC d/b/a AMC Construction Services and Shawn McCreary (collectively, "Defendants") have moved to stay the instant action. For the following reasons, that motion will be denied.

Background

Brian Brockway and Jeffrey McCreary entered into a modular homes business and formed Advanced Modular Concepts, LLC.[1] Their relationship soured after Mr. McCreary allegedly took steps to undermine both Mr. Brockway and Advanced Modular Concepts.[2] Mr. McCreary formed two new companies, "AMC Builders" and "AMC Roofing," and according to the Complaint, he began to compete with Advanced Modular Concepts—the company Mr. McCreary originally formed with Mr. Brockway.[3] Mr. Brockway alleges Mr. McCreary siphoned business away from Advanced Modular Concepts and purposefully used a similar name and similar logo in his new ventures to confuse potential customers.[4]

Mr. Brockway[5] filed an eight-count complaint alleging violations of the Lanham Act, 15 U.S.C. § 1051 *et seq*, and raising seven state law claims: breach of fiduciary duties, tortious interference, conspiracy, freeze-out, conversion,

---

[1] Complaint (ECF No. 1) at ¶ 12-13.

[2] *Id.* at ¶ 14.

[3] *Id*. at ¶¶ 16-17.

[4] *Id*. at ¶¶ 17, 21-22.

[5] The Complaint was filed by "Brian Brockway, Individually, and Brian Brockway, Derivatively on behalf of Advanced Modular Concepts and Maximum Advantage Building Solutions LLC." For the sake of brevity and by neither substantively altering the caption nor the parties in this case, the Court refers to plaintiffs collectively herein as Mr. Brockway.

defamation, and commercial disparagement.[6]  Defendants moved to dismiss Mr. Brockway's Lanham Act claim under Federal Rule of Civil Procedure 12(b)(6) and sought dismissal of all claims pursuant to the *Colorado River* abstention doctrine because of litigation underway in the Court of Common Pleas of Columbia County, Pennsylvania.[7]  The Court previously denied that motion.[8]

Defendants presently move to stay this federal action until the Columbia County action is resolved[9]  Mr. Brockway filed a brief in opposition.[10]  Defendants did not file a reply brief.

## Discussion

Under its discretionary power, a district court may stay litigation by considering, under the totality of the circumstances, (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party, (2) whether a stay will simplify the issues in question and trial of the case, (3) whether discovery is complete and whether a trial date has been set, (4) whether denial of the stay would create a clear case of hardship or inequity for the moving

---

[6]   *Id.* at ¶¶ 3-13.

[7]   Defendants' Motion to Dismiss (ECF No. 6).

[8]   Memorandum Opinion (ECF No. 10).

[9]   Motion to Stay (ECF No. 21); Defendants' Brief in Support (ECF No. 22).

[10]  Plaintiffs' Brief in Opposition (ECF No. 27).

party, and (5) the length of the requested stay.[11] Defendants bear the burden to show why a stay is appropriate.[12]

Considering the totality of the circumstances, Defendants have not met their burden. First, Defendants do not explain how a stay would not unduly prejudice or present a clear tactical disadvantage to Mr. Brockway. In contrast, Mr. Brockway alleges that he will incur undue prejudice because his Lanham Act claim is not part of the Columbia County action, and if this federal action were stayed, he would have to wait for resolution of the Columbia County action before attempting to obtain the Lanham Act relief he seeks.[13] Consequently, Mr. Brockway explains that "if additional federal claims are not heard until the conclusion of the state court case, [Mr. Brockway] will continue to be harmed and suffer further financial damages."[14] Second, to the extent Defendants argue that a stay will simplify the issues in question because there is some overlap between the Columbia County action and this federal action, again, the Columbia County action cannot dispose of Mr. Brockway's Lanham Act claim. Nor can the Columbia County action dispose of Mr. Brockway's defamation claim nor his commercial disparagement claim.

---

[11] *InterMetro Industries Corp. v. Enovate Medical, LLC*, 3:13-CV-02854, 2017 WL 901100, at *2 (M.D.Pa. 2017); *Golden Gate National Senior Care, LLC v. Hendershot-Brown for Estate of Hendershot*, 3:17-cv-164, 2018 WL 502730, at *2 (W.D.Pa. Jan. 19, 2018); *UCB, Inc. v. Hetero USA Inc.*, 277 F.Supp.3d 687, 690 (D.Del. 2017).

[12] *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

[13] Plaintiffs' Brief in Opposition (ECF No. 27) at 8.

[14] *Id.*

Moreover, this federal action involves two defendants who are not parties to the Columbia County action.

Third, although Defendants aver that the Columbia County action is "significantly into the discovery [sic]" because two depositions have already been taken,[15] it is unclear to what extent discovery has progressed. Defendants do not respond to Mr. Brockway's contentions that Defendants "have not yet responded to Plaintiffs' discovery requests" and that "none of Defendants' witnesses have been deposed at this point because Defendants' counsel has not made them available."[16] Defendants do not discuss whether a trial date has been set in the Columbia County action. Fourth, although Defendants argue that simultaneous litigation creates an inconvenience to both parties that could lead to duplicative proceedings, Defendants have not explained how these inconveniences amount to a clear case of hardship or inequity.

In sum, Defendants seek to stay this federal action until the Columbia County action is resolved, but have not met their burden to demonstrate that such a stay is appropriate under the circumstances.

---

[15] Defendants' Brief in Support (ECF No. 22) at 6-7.

[16] Plaintiffs' Brief in Opposition (ECF No. 27) at 7-8.

<u>Disposition</u>

**IT HEREBY ORDERED** that Defendants' Motion to Stay, ECF No. 21, is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge